INHABITANTS OF VERONA *versus* INHABITANTS OF PENOBSCOT.

One town cannot give such a " written notice" as will charge another town for pauper supplies furnished subsequent to such notice, unless actual pauper supplies had been furnished prior thereto.

By the Public Laws of 1864, c. 257, no aid furnished to a soldier's family within one year next after he was killed in battle could be recovered by the town in which such family resided, against the town in which he had his settlement.

A notice of such aid furnished within the year after the death of the soldier, and before April 1, 1865, (when c. 331 of the Public Laws of 1865 took effect,) is not sufficient to charge the town in which he had his settlement at the time of his death, for supplies furnished his family subsequent to such notice.

ON FACTS AGREED.

ASSUMPSIT for alleged pauper supplies furnished by the plaintiffs to the widow and children of Littlefield Bowden, whose legal settlement, at the time the supplies were furnished, was in the defendant town.

On the 29th day of January, 1864, Bowden, (his family then residing in Verona,) enlisted in the military service of the United States, in Co. A, first regiment of Vet. Infantry of Maine Volunteers, and was killed in battle, on May 17, 1864. Prior to his enlistment he had supported himself and family without aid from the town.

On or about Feb. 22, 1865, the overseers of the poor of Verona sent to the overseers of the poor of Penobscot a written notice, therein declaring that the "family of Littlefield Bowden, an inhabitant of Penobscot, having fallen into distress and in need of immediate relief in the town of Verona," the same had been furnished by the town of Verona, on the account and at the charge of Penobscot, and requesting the removal of said family and the payment of the expense of their support, amounting to $22.

In March, 1865, in consequence of said notice, two of the overseers of the poor of Penobscot, called upon one of the overseers of the poor of Verona, and agreed with him

that, if said family required further supplies exceeding ten dollars, the overseers of Penobscot should be notified, and they would remove the family to Penobscot. No other notice was given. The articles charged in the plaintiffs' account were furnished to said family. The plaintiffs received from the State $36,75 for aid to the family.

Two items of the plaintiffs' account were furnished prior to the notice, and all the others subsequently. For the purpose of presenting the questions of law to the full Court, it was admitted that the supplies furnished were necessary.

If the action could not be maintained, the plaintiffs were to become nonsuit.

*E. Hale,* for the plaintiffs, contended

That plaintiffs are entitled to recover for all the items furnished after April 1, 1865. Pub. Laws of 1865, c. 331, § 6. After May 17, 1865, one year after Bowden's death in battle, Verona had no claim upon the State for reimbursement for any supplies to his family. During that year, plaintiffs could claim reimbursement from the State to a certain extent, but no longer. Pub. Laws of 1864, c. 257, § 1.

The defect in the notice of Feb. 22, was cured by the defendants' board of overseers. *York* v. *Penobscot,* 2 Maine, 1; *Northfield* v. *Taunton,* 4 Met., 433.

The special agreement made by one of plaintiffs' overseers, could not bind them. *Boothby* v. *Troy,* 48 Maine, 560.

No new notice necessary. *Veazie* v. *Howland,* 53 Maine, 38; Pub. Laws of 1865, c. 331, § 6.

*C. J. Abbott,* for the defendants.

KENT, J. — The only notice by the plaintiffs to the defendants, was dated Feb. 22, 1865, and given on or about that day. Before that day certain supplies had been furnished to the family of a soldier who was killed in battle, May 17, 1864. As the law then stood, under the decisions of this Court, these could not be regarded as pauper sup-

plies, and the town furnishing them could make no legal claim for them on the town in which the family had a legal settlement. *Milford* v. *Orono,* 50 Maine, 529; *Veazie* v. *China, ibid,* 518.

It was then the case of a notice of supplies furnished to a family, when no such supplies as would give a right of action had then been furnished, because furnished to a soldier's family within one year after his death in the service. The plaintiff town continued to furnish the family with needed supplies from time to time to the end of the year 1865, continuously.

According to the decision in the case of *Veazie* v. *Howland,* 53 Maine, 38, the notice was sufficient to cover supplies furnished three months before the notice and for two years after the cause of action accrued, although they might have been supplied, not continuously, but occasionally.

But a question here arises, — whether to make a notice thus operative and extensive, it must not be of supplies to an actual pauper, — and such as the town giving the notice can legally recover in a suit of the town notified?

It has been repeatedly decided that there are exceptions to this general rule, one of which is that, after a suit brought, a new notice must be given for subsequent supplies, — so where payment has been made of the amount, claimed as due, to a certain date. It is said, in the case above cited, (53 Maine,) that, " we must not be understood as determining that one notice will be sufficient in all cases."

This notice was given in February, 1865. At that time two of the items in the account now sued had been furnished. A new law on this subject went into operation on the second of April following, which gave a right of action for such supplies to the families of soldiers against the town in which was their legal settlement. But can the notice given, when the former law was in operation, and when no legal claim existed, and no pauper supplies had been furnished, be sufficient to cover the supplies furnished under the new law? Suppose that the overseers of a town, anticipating

that they must soon relieve a family — send a notice to the town where their settlement is — that they have fallen into distress and have been supplied; although in fact no supplies were actually furnished until after such notice, but are so furnished soon after, and continuously for a year, would the notice be sufficient to charge the defendant town for all such supplies?

We think that a notice, to charge a town for subsequent supplies, must be of supplies actually furnished as pauper supplies, and for which the town giving the notice can recover. In other words, that if there is no legal liability to pay for the supplies furnished up to the time of notice and referred to in it, because no pauperism existed, no recovery can be had under that notice for subsequent supplies, although furnished under such circumstances, or under such a new law as made them pauper supplies for which the town, if notified, would be liable.

The notice itself is clearly defective and insufficient for any purpose. It was not answered, — but two of the selectmen of Penobscot went in consequence of the notice to Verona, and had a conversation with one of the overseers of that town in regard to that family, and made an arrangement with him that if any new supplies were needed, exceeding ten dollars, the overseers of Penobscot should be notified. We do not think that this action and agreement by the overseers waived all defects in the notice so that it could operate on future supplies.          *Plaintiffs nonsuit.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.